THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL CASE NO. 1:11cv138

| | |
|---|---|
| BRICA, INC. and<br>6134548 CANADA, INC.,<br><br>   Plaintiffs,<br><br>  vs.<br><br>MONAHAN PRODUCTS, LLC,<br><br>   Defendant. | <u>O R D E R</u> |

**THIS MATTER** is before the Court on the parties' filings regarding the potential transfer of this case to the Charlotte Division [Docs. 17-19].

On November 30, 2011, the Court directed the parties to file briefs addressing the issue of whether this case should be transferred to the Charlotte Division for the convenience of the parties and witnesses and in the interest of justice pursuant to 28 U.S.C. § 1404(a). [Doc. 16]. In response to the Court's Order, the Plaintiffs have submitted a brief stating that venue in the Asheville Division is appropriate and that this case should remain in this Division because transfer to the Charlotte Division is not mandatory. Nevertheless, the Plaintiffs defer to the Court's preference as to the division in which the case should proceed. [Doc. 17]. In its responsive brief, the

Defendant indicates that it does not object to continuing to litigate this case in the Asheville Division if the case remains in the Western District of North Carolina. The Defendant goes on to suggest that the District of Massachusetts is the proper venue for the action and proposes that the Court transfer the case to that district for further proceedings. [Doc. 18]. The Plaintiffs object to the Defendant's proposal to transfer venue to the District of Massachusetts, arguing that such proposal is an inappropriate response to the Court's Order. [Doc. 19].

The Court agrees that the Defendant's suggestion to transfer venue to another district is procedurally inappropriate. The Defendant's request to transfer this case to an entirely different district goes far beyond the narrow issue the Court asked the parties to address. If the Defendant believed the District of Massachusetts to be the proper venue for this action, the Defendant could have filed a motion seeking the transfer of this case. Having failed to do so, the Court will not now entertain the Defendant's request.

Upon consideration of the parties' filings, the Court finds that transferring this case to the Charlotte Division will not affect the convenience of the parties or the witnesses. See 28 U.S.C. § 1404(a). The Court further finds that the Plaintiff's choice of forum is entitled to great weight. See Rubbermaid Inc. v.

Satellite Cooling, LLC, No. 3:08CV284-C, 2008 WL 4610028, at *3 (W.D.N.C. Oct. 15, 2008). For these reasons, the Court concludes that a transfer of this case to the Charlotte Division is not warranted.

**IT IS, THEREFORE, ORDERED** that this case shall remain in the Asheville Division.

**IT IS SO ORDERED.**

Signed: December 30, 2011

Martin Reidinger
United States District Judge